IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SALLY JO SHICK,                )
                               )
         Plaintiff,            )
                               )
    v.                         )  Civil Action No. 19-409
                               )
NANCY A. BERRYHILL,            )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
         Defendant.            )

O R D E R

AND NOW, this 30th day of September, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly consider her bilateral carpal tunnel related symptoms in formulating her residual functional capacity ("RFC") and in finding her to be not disabled under the Social Security Act. The Court disagrees and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff cites to various treatment records, from both before and after her date last insured of December 31, 2015, which she maintains establish that her ability to reach, handle, and finger objects was more limited than as set forth in the RFC found by the ALJ. Specifically, she claims that the ALJ did not discuss (1) the October 16, 2013 findings of Dr. Charles Spingola; (2) complaints of bilateral hand pain made by Plaintiff to Lighthouse Medical, her pain management provider, and (3) records from after her date last insured documenting numbness of her hands and decreased bilateral dexterity. However, particularly in a case with as many issues and as extensive a medical record as this one, it is important to remember that an ALJ need not discuss every piece of evidence in the record as long as the reviewing court can determine the basis for the decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Tisoit v. Barnhart, 127 Fed. Appx. 572, 575 (3d Cir. 2005). In any event, the ALJ did, in fact, discuss Dr. Spingola's October 16, 2013 records (R. 22, 1060-65). As to the records from Lighthouse Medical, while the ALJ certainly did not discuss every page of Exhibit 3F, that was probably to Plaintiff's benefit. As Defendant points out, Plaintiff's record of treatment with Lighthouse Medical includes numerous references to behavior indicative of abusing her prescription narcotics (R. 497, 537, 544, 552, 584), and indeed, Plaintiff was ultimately discharged from Lighthouse's care for violating the "Informed Consent to Using Opioids to Treat Pain" agreement she had signed. (R. 494-95).

As for the later records, the Court notes that they not only post-date Plaintiff's date last insured, but most do by a great deal. As Plaintiff understands, her last date insured was December 31, 2015, and, to be eligible for DIB benefits, she had to establish that she was disabled as of that date. See 42 U.S.C. § 423(a)(1)(A). Thus, Plaintiff must establish the existence of an impairment "that precluded her from performing substantial gainful activity for a continuous period of twelve months prior to the expiration of her insured status." Kelley v. Barnhart, 138 Fed. Appx. 505, 507 (3d Cir. 2005). Plaintiff acknowledges this requirement, but appears to argue that since her issues with her hands began prior to the date last insured, these later records somehow relate back to that time. However, the mere existence of an underlying medical condition prior to the date last insured is not enough; the claimant must establish that the impairment was disabling as of that date. See Perez v. Commissioner of Soc. Sec., 521 Fed. Appx. 51, 54-55 (3d Cir. 2013). It is not disputed that Plaintiff had carpal tunnel related issues prior to December 31, 2015, but records from months, and in some cases years, later are not probative as to the limiting effects of her impairment while Plaintiff was still insured.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and that Defendant's Motion for Summary Judgment (document No. 15) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record

---

Indeed, the issue is not whether Plaintiff did, in fact, suffer from carpal tunnel related symptoms during the relevant time (and, again, the ALJ found that she did), but whether that condition "caused functional limitations that precluded [her] from engaging in any substantial gainful activity." Walker v. Barnhart, 172 Fed. Appx. 423, 426 (3d Cir. 2006). The ALJ explained how she formulated Plaintiff's RFC in significant detail, and the Court finds her determination to be supported by substantial evidence. Plaintiff does not suggest how the evidence that she asserts was overlooked by the ALJ would translate into any specific functional limitations not already included in the RFC. Indeed, the treatment records, which themselves do not suggest any specific functional limitations, are not even necessarily inconsistent with the RFC, which did include limitations regarding handling, fingering, and feeling with the bilateral upper extremities. (R. 20).

Plaintiff essentially is asking the Court to adopt her own analysis of the evidence and how it relates to her functional capacity. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). Likewise, it is not enough that Plaintiff offers her own analysis of the evidence. "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009). The ALJ's consideration of the matter was more than adequate, particularly in light of the United States Supreme Court's recent reminder that the threshold for meeting the substantial evidence standard "is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.